Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 51836.**—Merrill, Clark & Meinig, Inc., et al. *v.* United States, protests 505961–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 51837.**—Alexander Pfister *v.* United States, protest 130461–K (New York).

Opinion by KINCHELOE, J. In accordance with stipulation of counsel that the merchandise consists of lithographically printed calendars similar in all material respects to those the subject of *United States* v. *Thorens, Inc.* (32 C. C. P. A. 137, C. A. D. 298), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JULY 7, 1947

**No. 51838.**—Edward Deans Importing Co., Inc. *v.* United States, protest 801134–G (New York).

Opinion by EKWALL, J. It was agreed that of the 11 cases covered by the entry involved, 8 cases remained in bonded warehouse and were withdrawn, duty being paid thereon subsequent to June 3, 1935. The collector in his letter of transmittal states that as to those 8 cases the claim that they are properly dutiable at $2.50 per proof gallon is well founded. In accordance with the agreement of counsel it was held that the 8 cases withdrawn subsequent to June 3, 1935 are properly dutiable as claimed. The protest was sustained to this extent.